```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
              Civil No. 14-4745(DSD/SER)
```

Franklin Moore,

       Plaintiff,

v.                                           **ORDER**

Capital One N.A., d/b/a Capital
One Auto Finance and Minnesota
Repossessors, Inc. d/b/a
Repossessors, Inc.,

       Defendants.

      Thomas J. Lyons, Esq. and Lyons Law Firm, P.A., 367 Commerce Court, Vadnais Heights, MN 55127, counsel for plaintiff.

      Mark A. Bloomquist, Esq., Erin D. Doran, Esq. and Meagher & Geer, PLLP, 33 South 6th Street, Site 4400, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for summary judgment by defendant Minnesota Repossessors, Inc. (MRI). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

## BACKGROUND

This debt-collection dispute arises out of MRI's repossession of plaintiff Franklin Moore's 2008 Nissan Sentra (the vehicle). Moore signed a security agreement and purchased the vehicle on April 2, 2012, with a loan from Capital One Auto Financing. Doran Decl. Ex. B. Moore agreed to make monthly payments on the loan,

and if Moore defaulted, Capital One had the right to "immediately take possession of the [vehicle] by legal process or self-help." Id. Capital One acknowledged, however, that it "may not breach the peace or unlawfully enter onto [Moore's] premises" when repossessing the vehicle. Id. By July 2014, Moore had defaulted on the loan. See Moore Dep. at 100:4-102-7. Capital One hired MRI to repossess the vehicle, and MRI assigned its employee Todd Davis to do so. Doran Decl. Ex. E; id. Ex. F, at 4.

At the time of repossession, Moore lived at the Granite Woods apartment complex in Plymouth, Minnesota. Moore Dep. at 6:14-16. Moore kept the vehicle in an assigned parking spot in a parking garage attached to the apartment complex. Id. at 71:16-72-18.

Sometime between the late evening of July 14 and the early morning of July 15, 2014, Davis repossessed the vehicle. Doran Decl. Ex. F, at 4; id. Ex. E ¶¶ 3, 9; Davis Dep. at 45:4-15. Specifically, Davis and his assistant followed a tenant into the garage. Doran Decl. Ex. F, at 4. Davis waited until the tenant left and the garage was empty of other people. Id. Davis and his assistant then opened the vehicle with a lock-out kit, put the vehicle in neutral, and pushed it out of the garage, after which it was towed.[1] Id.; Davis Dep. at 40:2-45:3. Davis was not confronted by anyone, nor did he see anyone during that process.

---

[1] De'Andre June, a tenant who worked part-time for Granite Woods, previously told Davis that he could not bring tow trucks into the parking garage. Kearns Dep. at 17:1-3; June Dep. at 30:10-33:13.

Davis Dep. at 40:2-45-3.

On November 13, 2014, Moore filed a complaint alleging that MRI violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692f(6), and Minn. Stat. § 336.9-609, and committed conversion, trespass, and intrusion upon seclusion.  MRI now moves for summary judgment.

**DISCUSSION**

**I.   Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  Celotex, 477 U.S. at 324.  A party asserting that a genuine dispute exists - or

cannot exist - about a material fact must cite "particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II.  Trespass**

Moore alleges that Davis trespassed when he entered the parking garage without Moore's consent. However, a secured party's authority to repossess collateral upon default includes the right "to enter another's land for the purpose of repossession." Thompson v. First State Bank of Fertile, 709 N.W.2d 307, 312 (Minn. Ct. App. 2006). "And if the secured party has a privilege to enter another's land to take possession of collateral after default, the entry is not a trespass." Id. The parties agree that Moore defaulted on his loan with Capital One. The parties also agree that Capital One had the right to repossess the vehicle. Thus, Moore gave Capital One, and accordingly MRI and Davis, the privilege to enter the garage for the purpose of repossession.[2] The court therefore dismisses Moore's trespass claim.

---

[2]  Moore argues that MRI trespassed because of June's admonition. However, June did not prohibit Davis from repossessing Moore's vehicle. Rather, he simply told Davis not to bring a tow truck into the garage, and Davis did not do so. June Dep. at 30:10-33:13. Granite Woods' "No Trespassing" signs also do not negate Moore's consent. Doran Decl. Ex. E ¶ 7.

**III. Breach of the Peace**

The parties agree that MRI did not violate the FDCPA or Minnesota's repossession statute, or commit conversion, if Davis repossessed the vehicle without breaching the peace. The issue, then, is whether a reasonable jury could find that Davis' actions constituted a breach of the peace.

"The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility." Cantwell v. State of Conn., 310 U.S. 296, 308 (1940). Minnesota law defines a breach of the peace as a "violation of the public order, a disturbance of public tranquility, by an act or conduct inciting to violence or tending to provoke or excite others to breach the peace [including] any violation of any law enacted to preserve peace and good order." Bloomquist v. First Nat'l Bank of Elk River, 378 N.W.2d 81, 84-85 (Minn. Ct. App. 1985) (alteration in original) (internal quotation and citation omitted). Minnesota courts consider the following factors to determine whether a repossession breached the peace: (1) where the repossession took place, (2) the debtor's express or constructive consent to repossess, (3) the reactions of third parties, (4) the type of premises entered, and (5) the creditor's use of deception. Clarin v. Minn. Repossessors, Inc., 198 F.3d 661, 664 (8th Cir. 1999).

5

None of the Clarin factors support a finding that there was a breach of the peace. The repossession took place in the middle of the night with no witnesses or commotion. Davis took the vehicle from Moore's non-public parking garage, and he employed no deception in repossessing the vehicle. Further, Moore consented to the repossession, given his admitted default on the loan.

Indeed, the court has found no breach of the peace under similar but even less favorable circumstances. In Allen v. Fid. Fin. Servs., No. 98-CV-1725, 1999 WL 33911359, at *1 (D. Minn. Dec. 16, 1999), the court found no breach of the peace where repossessing agents entered a secured parking garage by following a tenant into the garage. The repossessing agents were confronted by the tenant and then the debtor, then the agents took the debtor's keys, allowed her to remove her personal possessions, and left with the car. Id. In light of the Clarin factors and Allen, the court finds that MRI did not breach the peace.

Because there was no breach of the peace, Moore's claims that MRI violated the FDCPA and Minnesota's repossession statute, and committed conversion fail. See James v. Ford Motor Credit Co., 842 F. Supp. 1202, 1207 (D. Minn. 1994), aff'd, 47 F.3d 961 (8th Cir. 1995) (finding no violation of 15 U.S.C. § 1692f(6) or Minn. Stat. § 336.9-609 where repossession did not breach the peace); Bloomquist v. First Nat'l Bank of Elk River, 378 N.W.2d 81, 84-85 (Minn. Ct. App. 1985) (holding that taking property while breaching

6

the peace constitutes conversion).

**IV.  Intrusion Upon Seclusion**

Moore alleges that MRI invaded his privacy, constituting an intrusion upon seclusion.  Such a claim has three elements:  (a) an intrusion, (b) that is highly offensive, and (c) into some matter in which a person has a legitimate expectation of privacy.  Swarthout v. Mut. Serv. Life Ins. Co., 632 N.W.2d 741, 744 (Minn. Ct. App. 2001).  No such conduct occurred here.  As a result, the court dismisses Moore's claim for intrusion upon seclusion.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [ECF No. 33] is granted. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 22, 2016

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court